*669 MEMORANDUM***
Zaruhi Poghosyan (“Poghosyan”) and her daughter, Mariam Poghosyan (“Mar-iam”), natives and citizens of Armenia, petition for review of the Board of Immigration Appeals’ (“BIA”) denial of their applications for asylum, withholding of removal, and relief under Article III of the U.N. Convention Against Torture (“CAT”).[1] Poghosyan is the lead petitioner, and Mariam’s claim is derivative. We deny the petition.[2]
The BIA’s decision that Poghosyan was ineligible for asylum due to lack of credibility must be upheld if supported by substantial evidence. Soto-Olarte v. Holder, 555 F.3d 1089, 1091 (9th Cir.2009). The same standard of review applies to the BIA’s decision regarding withholding of removal, Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006), as well as CAT. Zheng v. Ashcroft, 332 F.3d 1186, 1193 (9th Cir.2003). The BIA must set forth specific, cogent reasons for an adverse credibility finding. Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002). However, disagreement with the BIA’s factual evaluation is insufficient. Aruta v. INS, 80 F.3d 1389, 1393 (9th Cir.1996). Only if the BIA’s reasoning is fatally flawed to the point that “any reasonable adjudicator would be compelled to conclude to the contrary” should the BIA be reversed. 8 U.S.C. § 1252(b)(4)(B); Singh v. Ashcroft, 367 F.3d 1139, 1143 (9th Cir.2004). This “compel” standard requires more than mere support of a contrary conclusion. INS v. Elias-Zacarias, 502 U.S. 478, 483-84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). So long as the adverse credibility determination was based on a specific, cogent reason and serious inconsistencies in Petitioner’s testimony that go to the heart of her application for asylum, the BIA’s decision will be upheld. Alvarez-Santos v. INS, 332 F.3d 1245, 1254 (9th Cir.2003) (referencing de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997) and Pal v. INS, 204 F.3d 935, 938 (9th Cir.2000)).[3]
Poghosyan has not met her burden of showing that the adverse credibility determination was not based on serious inconsistencies that go to the heart of her application for asylum. There are several inconsistencies between Poghosyan’s written application and her testimony at her two hearings in regards to (1) the number and appearance of police officers; (2) the length of her detention; (3) the time of her detention; and (4) the amount of the bribe paid by her cousin on her behalf. In particular, the discrepancies as to whether she was arrested on a Friday or a Sunday and whether the arrest occurred in the *670 morning or the evening, go to the heart of Poghosyan’s claims and thus support the BIA’s adverse credibility finding.[4] Additionally, Poghosyan failed to produce non-duplicative, material, easily available corroborating evidence, namely her daughter’s testimony, and provides no credible explanation for such failure. Sidhu v. INS, 220 F.3d 1085, 1090 (9th Cir.2000).
Furthermore, Poghosyan also failed to present credible, direct, and specific evidence supporting a reasonable fear of future persecution. Ladha v. INS, 215 F.3d 889, 897 (9th Cir.2000). Armenia has made strides towards religious freedom since Petitioner left the country. Specifically, Armenia granted Jehovah’s Witnesses formal registration in October 2004. The impact of this change in the law is reflected in the fact that, in contrast to prior years, in 2005 the Jehovah’s Witnesses in Armenia reported no violence against their community. Poghosyan’s fear of future persecution does not appear to be well-founded given the changed country conditions in Armenia.
“Because [Poghosyan] has failed to establish eligibility for asylum, [s]he ‘necessarily fails to establish eligibility for withholding of deportation.’” Cruz-Navarro v. INS, 232 F.3d 1024, 1031 (9th Cir.2000) (quoting Singh-Kaur v. INS, 183 F.3d 1147, 1149 (9th Cir.1999)). As Petitioner’s CAT claim is based on the same testimony that has been found not credible, and she offers no other evidence that the agency should have considered, she has failed to establish eligibility for CAT relief. See Farah v. Ashcroft, 348 F.3d 1153, 1156-57 (9th Cir.2003).
Finally, this court does not have jurisdiction to hear Poghosyan’s claim for relief under humanitarian asylum, as she failed to raise the issue on appeal to the BIA. Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987) (holding that an alien must exhaust all administrative remedies including raising issues of due process on appeal to the BIA prior to seeking review by the Court of Appeals). Moreover, her claim is not well taken, as humanitarian asylum requires severe and atrocious past persecution, and Poghosyan’s alleged detentions and beatings do not rise to this level. 8 C.F.R. § 1208.13(b)(l)(iii)(A); Lopez-Galarza v. INS, 99 F.3d 954, 963 (9th Cir.1996).
We are not unsympathetic to the views expressed by the dissent. Indeed, we deferred submission of this petition to allow the parties to explore mediation. These efforts failed. Thus, we are forced to decide this petition based on the administrative record before us and, based on the applicable standard of review, have no choice but to conclude that the BIA’s decision is supported by substantial evidence.
Petition DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85 (implemented at 8 C.F.R. § 208.18).

. Submission of this case was deferred to allow the parties to consider settlement. The case was resubmitted once the Circuit Mediator informed the panel that mediation would not proceed.

.As pointed out by both parties, the REAL ID Act adverse credibility standards do not apply (the Act is only applicable to applications for asylum, withholding of removal, and CAT relief made on or after May 11, 2005). Pub.L. No. 109-13, Div. B, §§ 101(a)(3), 101(c) 101(d), 119 Stat. 231, 303 (2005) (codified at 8 U.S.C. §§ 1158(b)(l)(B)(iii) (asylum); 1231(b)(3)(C) (adopting the same standard for withholding of removal); 1229a(c)(4)(C) (all other relief)). Thus, pursuant to the pre-REAL ID standard, minor inconsistencies not going to the heart of Petitioner’s claim are insufficient to support an adverse credibility determination. Osorio v. INS, 99 F.3d 928, 931 (9th Cir.1996).

. The dissent suggests that despite these inconsistencies, "the fact remains that Pogho-syan was detained,” but the material inconsistencies render Poghosyan’s claim of detention unreliable.